The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rosa Palma and Julio Oliveras

**DEFENDANTS**
All County Apparel LLC d/b/a All County Apparel and Andrew Monteyne, individually

**(b)** County of Residence of First Listed Plaintiff: Passaic County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Law Offices of Jacob Aronauer 250 Broadway, Suite 600 New York, NY 10007

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Unpaid overtime under the FLSA

Brief description of cause:
Unpaid overtime

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/25/2024
SIGNATURE OF ATTORNEY OF RECORD: *Jacob Aronauer*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
ROSALBA PALMA and
JULIO OLIVERAS, individually
and on behalf of others
similarly situated,

                      Plaintiffs,

      -against-

ALL COUNTY APPAREL LLC d/b/a
ALL COUNTY APPAREL and ANDREW
MONTEYNE, individually,

                      Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

Plaintiffs Rosalba Palma ("Palma") and Julio Oliveras ("Oliveras"), (collectively "Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of All County Apparel LLC d/b/a All County Apparel ("All County Apparel"), and Andrew Monteyne ("Monteyne"), individually (collectively "Defendants"), allege as follows:

## PRELIMINARY STATEMENT

1. This is a civil action brought by Plaintiffs on behalf of themselves and all similarly situated machine operators ("Machine Operators") who have worked for Defendants to recover unpaid overtime compensation owed to them pursuant to the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law N.J.S.A. 34:11-56(a) *et seq.*, ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.*, ("NJWPL"), respectively.

2. Plaintiffs bring this action on behalf of themselves, and all similarly situated current and former Machine Operators who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour and wage notice provisions of the FLSA at All County Apparel.

3. Plaintiffs and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA, NJWHL, and NJWPL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b) and (c), and 217; and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New Jersey state law claims under the principles of pendent and ancillary jurisdiction.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff Rosalba Palma

7. Palma is and was at all times relevant hereto an adult individual residing in New Jersey.

8. From on or about May 23, 2022, until on or about March 8, 2024, Palma worked for Defendants.

9. Palma was employed as a Machine Operator for All County Apparel.

10. Palma was a covered employee within the meaning of the FLSA, NJWHL, and NJWPL.

**Plaintiff Julio Oliveras**

11. Oliveras is and was at all times relevant hereto an adult individual residing in New Jersey.

12. From on or about August 1, 2022, until on or about February 19, 2024, Oliveras worked for Defendants.

13. Oliveras was employed as a Machine Operator for All County Apparel.

14. Oliveras was a covered employee within the meaning of the FLSA, NJWHL, and NJWPL.

**Corporate Defendant All County Apparel**

15. On information and belief, All County Apparel is a business incorporated in the State of New Jersey, operating in the clothing industry, with its principal place of business located at 10 Dell Glen Ave, Lodi, NJ 07644.

16. At all times relevant to this action, All County Apparel is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. On information and belief, Monteyne is the owner of All County Apparel.

18. Monteyne is a registered agent for All County Apparel.

19. On information and belief, Monteyne owns and maintains control, oversight, and direction over All County Apparel.

20. On information and belief, All County Apparel (1) engages in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

21. Defendant All County Apparel employs similarly situated employees of the FLSA Collective at all times relevant.

**Individual Defendant Andrew Monteyne**

22. Monteyne is a person engaged in business in Bergen County, who is sued individually in his capacity as an owner, officer and/or agent of All County Apparel.

23. On information and belief, Monteyne is a managing member and/or president of All County Apparel.

24. On information and belief, Monteyne maintains control, oversight and direction over All County Apparel.

25. On information and belief, Monteyne exercises sufficient control over All County Apparel to be considered Plaintiffs' employer under the FLSA, NJWHL, and NJWPL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

26. Defendant Monteyne employed Plaintiffs and similarly situated employees at all times relevant.

27. Defendant Monteyne had substantial and operational control over Plaintiffs' working conditions and the practices alleged herein.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

28. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and other similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

29. Presently, the FLSA Collective consists of approximately 50 similarly situated current and former employees of Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, (1) willfully denying them overtime wages and (2) misclassifying employees as exempt; (3) not listing all hours worked on their paystubs; and (4) paying overtime in cash.

30. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, *inter alia*, the following: failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week;

31. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

32. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

33. The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 hours during any workweek, unless they are exempt from coverage.

34. Defendants failed to compensate Plaintiffs and members of the FLSA Collective at one and one-half times the employees' wage for all hours worked in excess of 40 during any

workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

35. Defendants paid Plaintiffs and members of the FLSA Collective wages without an accurate accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with the FLSA.

## STATEMENT OF FACTS

### All County Apparel

36. All County Apparel operates an apparel factory in New Jersey.

37. Per All County Apparel's website, they have a large clientele with a "…[W]ide range of clients includes corporate accounts, sports programs, apparel brands, municipalities, non-profit organizations, schools, emergency services groups, small businesses and many more."

### Plaintiff Rosalba Palma's Employment with Defendants

38. From on or about May 23, 2022, to on or about March 8, 2024, Palma worked as a Machine Operator on behalf of Defendants.

39. Palma's duties included operating a stamping machine, preparing orders and sending them to production.

40. During Palma's employment, her schedule and payment varied.

41. During Palma's employment, Plaintiff never was assigned job duties or received a salary that would make her exempt.

### Time Period #1

42. From May 23, 2022, through July 3, 2022, Palma worked five days per week.

43. Palma worked from Monday to Friday, from 3:30 p.m. to 11:00 p.m. each day.

44. Palma worked 40 hours per week.

45. Palma was paid $15 per hour by check.

**Time Period #2**

46. From July 4, 2022, through December 25, 2022, Palma worked five days per week.

47. Palma worked from Monday to Friday, from 9:00 a.m. to 11:00 p.m.

48. Palma worked 70 hours per week.

49. Palma was paid $15 per hour for the first 40 hours by check.

50. Palma was paid overtime hours at straight time in currency (cash).

51. Defendants paid Palma in this fashion to circumvent their responsibilities to pay Palma time and one half for work performed after 40 hours.

52. Palma was only provided with documentation with respect to the first 40 hours that she worked.

**Time Period #3**

53. From December 26, 2022, through February 25, 2024, Palma worked five days per week.

54. During this time period Defendants unlawfully classified Palma as exempt.

55. Indeed, Palma's job duties remained a Machine Operator.

56. Palma worked from Monday to Friday, from 9:00 a.m. to 11:00 p.m.

57. Palma worked 70 hours per week.

58. During this period, Palma was paid a weekly salary.

59. Palma was only paid for the first 40 hours that she worked.

60. Palma was not provided with documentation with respect to the total hours she worked each week.

**Plaintiff Julio Oliveras' Employment with Defendants**

61. From on or about August 1, 2022, to on or about February 19, 2024, Oliveras worked as a Machine Operator on behalf of Defendants.

62. Oliveras' duties included operating a machine to make canvas for printing, making transfer prints, and making prints with paint.

63. During Oliveras' employment, his schedule and payment varied.

**Time Period #1**

64. From August 1, 2022, to January 15, 2023, Oliveras worked five days per week.

65. Oliveras worked from Monday to Friday, from 3:30 p.m. to 11:00 p.m. each day.

66. Oliveras worked 40 hours per week.

67. Oliveras was paid $15 per hour by check.

**Time Period #2**

68. From January 16, 2023, to March 12, 2023, Oliveras worked five days per week.

69. Oliveras worked from Monday to Friday, from 9:00 a.m. to 3:00 p.m. each day.

70. Oliveras worked 35 hours per week.

71. Oliveras was paid $17.50 per hour by check.

**Time Period #3**

72. From March 13, 2023, to August 13, 2023, Oliveras worked five days per week.

73. During this time period Defendants unlawfully classified Oliveras as exempt.

74. Indeed, Oliveras' job duties remained a Machine Operator.

75. Oliveras worked from Monday to Friday, from 9:00 a.m. to 11:00 p.m. each day.

8

76. Oliveras worked 70 hours per week.

77. During this period, Oliveras was paid a weekly salary.

78. Oliveras only paid for the first 40 hours that she worked.

79. Oliveras was not provided with documentation with respect to the total hours he worked each week.

**Time Period #4**

80. From August 14, 2023 to February 19, 2024, Oliveras worked five days per week.

81. Oliveras worked from Monday to Friday, from 3:30 p.m. to 11:00 p.m.

82. Oliveras worked 35 hours per week.

83. Oliveras was paid $18 per hour by check.

**Defendants' Unlawful Circumvention of Overtime**

84. Defendants intentionally circumvented their obligation to pay overtime in compliance with the FLSA and the NJPWL as follows.

85. Throughout their employment with Defendants, Plaintiffs were never provided with any documentation as to the overtime hours they worked.

86. Throughout their employment with Defendants, Plaintiffs were not compensated for overtime in compliance with the FLSA and NJPWL.

87. At no point in time did Defendants discuss with Plaintiffs what, if any, would be their overtime rate of pay.

88. Throughout their employment with Defendants, even though Plaintiffs were not exempt, Plaintiffs were not paid overtime in compliance with the FLSA and NYLL.

## FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*
### (On Behalf of Plaintiffs and the FLSA Collective)

89. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

90. Throughout the relevant time period, Plaintiffs and the FLSA Collective regularly worked in excess of 40 hours per workweek.

91. At all relevant times throughout Plaintiffs' employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiffs and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiffs and the FLSA Collective were entitled to receive overtime payments.

92. At all times relevant throughout Plaintiffs' employment, Defendants willfully, regularly, and repeatedly failed to pay the required rate of one and one-half times their regular hourly rate for all hours worked in excess of 40 hours per workweek.

93. Defendants' decision not to pay overtime was willful.

94. Plaintiffs and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal equitable relief as this court deems just and proper.

## SECOND CAUSE OF ACTION
### New Jersey Wage and Hour Law – Unpaid Overtime Wages
### (On Behalf of Plaintiffs)

95. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

10

96. At all times relevant, Plaintiffs were employees of Defendants, and Defendants have been the employers of Plaintiffs within the meaning of the NJWHL and the supporting New Jersey Department of Labor Regulations.

97. At all times relevant, Plaintiffs were covered by the NJWHL.

98. At all times relevant to this action, Defendants were responsible for paying overtime wages to Plaintiffs for each hour worked in excess of 40 in a week at a rate of time and one-half their regular rate of pay.

99. At all times relevant Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one-half their regular rate of pay.

100. Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the NJWHL and the supporting New Jersey Department of Labor Regulations.

101. Defendants' failure to pay required overtime was willful.

102. Through their knowledge and intentional failure to pay overtime wages to Plaintiffs, Defendants have willfully violated the NJWHL, N.J.S.A. §34:11-56(a), *et seq*. and the supporting New York State Department of Labor Regulations.

103. Due to Defendants' willful violations of the NJWHL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest as provided by the NJWHL.

**THIRD CAUSE OF ACTION**
**New Jersey Wage Payment Law – Failure to Pay Earned Wages**
**(On Behalf of Plaintiffs)**

104. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

105. NJWPL § 34:11-4.2 *et seq.* requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular paydays that are designated in advance by the employer.

106. Defendants are employers within the meaning of the NJWPL and Plaintiffs are employees within the meaning of the NJWPL.

107. Plaintiffs consistently worked more than 40 hours per week, and thus, are entitled to overtime pay.

108. Defendants did not pay Plaintiffs the full amount of wages due to them each pay period.

109. Overtime pay is part of Plaintiffs "wages" and therefore, in violation of Wage Payment Law N.J.S.A. 34:11-4.2, Defendants failed to pay Plaintiffs the full amount of wages due on regular pay days, as they were required.

110. Defendants' actions in failing to pay Plaintiffs their earned wages were willful and not based on any good faith belief and were in violation of the New Jersey Wage Payment Law N.J.S.A. 34:11-4.10. Plaintiffs are entitled to full payment for all wages due to them that were not paid.

111. As a result of Defendants' NJWPL violations, Plaintiffs are entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL's wage payment provisions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the entry of an order and judgment against the Defendants, All County Apparel and Andrew Monteyne, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiffs and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

(c) Damages for the unpaid overtime wages, illegal pay deductions, wages and notice damages due to Plaintiffs, in an amount to be determined at the trial of the action, liquidated damages, interest, attorneys' fees, and the cost of the action as provided by the NJWHL and NJWPL;

(d) For pre-judgment and post-judgment interest on the foregoing amounts;

(e) For the costs and disbursements of this action, including attorneys' fees; and

(f) For such other further and different relief as this Court deems just and proper.

Dated: April 25, 2024
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

Respectfully submitted,

*/s/ Jacob Aronauer*
Jacob Aronauer
250 Broadway, Suite 600
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

13